Gerald C. Mann
XXXXXXXXXXX
PRICE DANIEL
ATTORNEY GENERAL



THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS

Honorable T. K. Wilkinson
County Auditor
Hill County
Hillsboro, Texas

Dear Sir:

Opinion Number O-1603
Re: Can the Commissioners' Court
pay for rights-of-way for State high-
ways out of bond funds under facts
submitted ?

We are in receipt of your opinion request of recent date
and quote from your letter as follows:

"In January of this year a bond issue was voted in
Hill County, $30,000 of which is to be used in purchas-
ing rights-of-way for the use of the State Highway De-
partment in building paved State designated highways.

"A number of citizens requested the State Highway
Department to designate a certain road as a State high-
way, which request was granted, provided Hill County
would guarantee the right-of-way which was done by the
order of the Commissioners' Court.

"Also the State Highway Department requested that
maintenance of the road be done at the cost of Hill Coun-
ty upon completion of the project, to all of which Hill
County has agreed.

"Can the Commissioners' Court pay for the above
mentioned guaranteed rights-of-way out of the $30,000.00
as set forth in the election order?"

As we understand it, this particular bond issue was for $90,000, $30,000 of which was voted for a specific purpose as stated in the election order, notice, etc., as follows:

"$30,000 for the purpose of purchasing rights-of-way for the use of the State Highway Department in building paved State designated highways * * *."

Said election order was dated December 17, 1938, and the election was held January 19, 1939, and carried. Said bonds were issued in pursuance of a bond order passed by the Commissioners' Court on February 13, 1939.

Therefore, $30,000 is available to be used for the purchase of rights-of-way for State designated highways. No specific highway was designated in the election order or notice of election, and if the Commissioners' Court did not pass an order designating a specific highway prior to the election, then it is now in their discretion to designated the rights-of-way for which the bond money will be used. Black vs. Strength, 246 S. W. 79; Fletcher vs. Ely, 53 S. W. (2d) 817.

Under the orders of the Commissioners' Court of April 15, 1939 and October 9, 1939, submitted with your opinion request, wherein the Commissioners' Court entered into an agreement with the Highway Department to purchase a right-of-way for a highway running from Itasca to Files Valley, the $30,000 bond fund is available and as much of it as is necessary may be used to purchase this particular right-of-way. However, it is entirely in the discretion of the Commissioners' Court whether they pay for this particular right-of-way out of the bond funds or out of the available road and bridge fund.

Trusting that this answers your question, we remain

Very truly yours

APPROVED
NOV 7, 1939

ATTORNEY GENERAL OF TEXAS

(Sgd.) Gerald C. Mann
ATTORNEY GENERAL
OF TEXAS

By    Claud O. Boothman
        Assistant

APPROVED OPINION COMMITTEE
BY    BWB        CHAIRMAN

COB-a-sl